THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00092-MR-WCM

KATHERINE MONICA VICKERS, )
ESTATE OF KATHERINE )
MONICA VICKERS, and RUPA )
VICKERS RUSSE, *individually and* )
*as Executor of the Estate of* )
*Katherine Monica Vickers*, )
                                                    )
                    **Plaintiff,** )
                                                    )
    vs. ) <u>O R D E R</u>
                                                        )
UNITED STATES OF AMERICA, )
                                                      )
                    **Defendant.** )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's "Appeal of *Informa Pauperis* Denial" [Doc. 10].

The Plaintiff Rupa Vickers Russe ("Russe") purporting to represent herself and the Estate of Katherine Monica Vickers ("Estate"), previously filed an application seeking leave to proceed *in forma pauperis*. [Doc. 2]. The Magistrate Judge denied that application without prejudice and gave Russe the opportunity to submit an Amended Application to clarify the financial status of the individual parties. [Doc. 5].

Russe then filed an amended and consolidated *in forma pauperis* application (the "Amended Application"). [Doc. 7-2]. The Magistrate Judge denied the Amended Application based on the finding that the "Estate has unencumbered assets of over $500,000.00." [Doc. 8 at 4].[1]

In the Appeal, the Russe argues that the Magistrate Judge erred in finding that the Estate has unencumbered assets of over $500,000. [Doc. 10 at 2]. Russe instead states that the Estate has no assets and the properties described are jointly owned by Russe and Russe's daughter (who is not a party to this action). Russe asks the Court to "accept Plaintiff Russe's statement[s]" regarding the assets of the Estate and the ownership of the property and asks the Court to allow Russe to again amend and submit separate applications. [Id. at 4].

Whether the properties are owned by the Estate, Russe, or in part by another party does not affect the denial of proceeding *in forma pauperis*. As long as one of the plaintiffs is financially capable of paying the single filing fee, proceeding *in forma pauperis* is not appropriate. This remains true even considering the Russe's argument that the "properties are not available to

---

[1] The Magistrate Judge also noted that (1) "a deceased person does not have Article III standing;" and (2) that Plaintiff "Russe's ability to appear pro se for the Estate, as well as on her own behalf, is unclear." [Doc. 8 at 2]. The Court also notes these concerns, but like the Magistrate Judge, the Court will assume solely for the purposes of the Amended Application that Plaintiff Russe may appear on behalf of the Estate.

2

sell in order to cover the filing fee in this matter." [Id. at 4]. Furthermore, it appears that Russe has an income of at least $1,700 a month. [Doc. 7 at 1]. The Court finds that the existence of the properties at such a value, along with Russe's income, indicates that Russe has the ability to pay the filing fee for this case. In examining the record and the Appeal, the Court finds that the Magistrate Judge properly denied the application to proceed *in forma pauperis*.

## ORDER

**IT IS, THEREFORE, ORDERED,** that the Plaintiff's Appeal of the Magistrate's Order and Application to Proceed in Forma Pauperis [Doc. 10] is **DENIED**, and the decision of the Magistrate Judge is **AFFIRMED**.

**IT IS FURTHER ORDERED**, that the Plaintiff(s) shall pay the required filing fee within fourteen (14) calendar days of the entry of this Order. Failure to pay the required filing fee within the time required will likely result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Signed: September 21, 2020

Martin Reidinger
Chief United States District Judge