IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 92 MR WCM

KATHERINE MONICA VICKERS, )
ESTATE OF KATHERINE )
MONICA VICKERS, and RUPA )
VICKERS RUSSE, *individually* )
*and as Executor of the Estate* )
*of Katherine Monica Vickers*, ) ORDER
 )
   Plaintiffs, )
 )
v. )
 )
UNITED STATES OF AMERICA, )
 )
   Defendant. )
 )

This matter is before the Court on:

1. Plaintiffs' Motion for Leave to File Amended Complaint, Grant N.C.G.S. 9(j) Extension, and Accept 9(j) Certification Filing (the "Motion to Amend," Doc. 17); and

2. Plaintiffs' Motion to Join Additional Parties Defendant (the "Motion to Join," Doc. 18).

The Motions are fully briefed and are ripe for ruling. See Docs. 17-1, 18-1, 19, 20, & 23-2.[1]

---

[1] The undersigned will enter an Order, rather than a Memorandum and Recommendation, on the Motion to Amend and related Motion to Join. See Everett v. Cherry, 671 F. Supp. 2d 819, 820 & n. 4 (E.D. Va. 2009); Carlucci v. Han, 292 F.R.D.

1

I. Background

On July 16, 2020, Plaintiffs[2] filed a Complaint against the United States of America (the "United States") arising out of the medical treatment and subsequent death of Katherine Monica Vickers ("Ms. Vickers"). Doc. 1.

On December 16, 2020, Plaintiffs filed the instant Motion to Amend and Motion to Join. Docs. 17 & 18. The United States has filed a response to each Motion, Docs. 19 & 20, and Plaintiffs have filed a reply. Doc. 23-2.

A description of the allegations regarding Ms. Vickers' medical care and Plaintiffs' claims is set forth in the Memorandum and Recommendation. As explained there, Plaintiffs' FTCA claims against the United States sound in medical malpractice.

By the proposed Amended Complaint, Plaintiffs seek to add (1) a "Rule 9(j)(1) certification statement" pursuant to N.C.G.S. §1A-1, Rule 9(j) ("Rule 9(j)") (Doc. 17-2 at ¶199); (2) claims against Dr. Lara Hume (Doc. 17-2 at ¶¶146-160); and (3) a claim asserting "ordinary negligence" against the

---

309, 312 (E.D. Va. 2013); Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F.Supp.2d 778, 783 (E.D.N.C. 2011). By separate Memorandum and Recommendation, the undersigned has addressed the United States' Motion to Dismiss. Doc. 21.

[2] As described in more detail in the Memorandum and Recommendation, the undersigned has considered the fact that Plaintiff Russe was not licensed to practice law at the time the Complaint was filed.

2

Charles George VA Medical Center ("CGVAMC") based on the actions of Dr. Hume (Doc. 170-2 at ¶¶106-113).[3]

## II. Legal Standard

When reviewing requests for leave to amend, courts are guided by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires, and "by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), *cert. denied*, 448 U.S. 911 (1980). "In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should as the rules require, be 'freely given.'" Forman v. Davis, 371, U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008)("Under

---

[3] The Motion to Join is solely directed to Plaintiffs' request to add Dr. Hume as a defendant. Plaintiffs' memorandum in support of the Motion to Join is identical to Plaintiffs' memorandum in support of the Motion to Amend. Docs. 17-1 & 18.

Rule 15, a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile'").

III. Analysis

### A. Amendment to Add Rule 9(j) Certification

As described in more detail in the Memorandum and Recommendation, pursuant to North Carolina Rule 9(j), unless the doctrine of *res ipsa loquitur* applies, a medical malpractice complaint under North Carolina law must include a Rule 9(j) certification pertaining to a review that has been completed prior to the filing of the original complaint. Thigpen v. Ngo, 355 N.C. 198, 204, 558 S.E.2d 162, 166 (2002); Brown v. Kindred Nursing Centers East, LLC, 364 N.C. 76, 692 S.E.2d 87 (2010).

Here, Plaintiffs' original Complaint did not include a Rule 9(j) certification. Instead, Plaintiffs alleged that *res ipsa loquitur* applied to their claims, and, in their Complaint, additionally moved for an extension of time "to comply with Rule 9(j)." Doc. 1 at ¶173.

Plaintiffs' proposed Amended Complaint now includes a Rule 9(j) certification, Doc. 17-2 at ¶199, and Plaintiffs assert that amendment to include this certification is appropriate because the United States delayed in providing Plaintiffs with certain of Ms. Vickers' radiology records which in turn delayed Plaintiffs' ability to complete the medical expert review. Additionally,

Plaintiffs argue that they were "not required to have prior medical review due to the nature" of their *res ipsa loquitur* claim. Doc. 23-2 at 5.

In opposition, the United States contends that amendment to add a Rule 9(j) certification would be futile because Plaintiffs' filings make clear that the medical expert review and certification occurred after the filing of the original Complaint. See Doc. 19 at 8. Additionally, the United States contends that the doctrine of *res ipsa loquitur* does not apply to Plaintiffs' claims.

Plaintiffs' submissions establish that Plaintiffs requested certain radiology records in April 2020 (Doc. 23-5 at 3; Doc. 17-1 at 10), that Plaintiffs obtained those records "after September 10, 2020" (Doc. 23-5 at 3), and that Plaintiffs' expert completed a review of the records in December 2020. Doc. 17-1 at 6. However, Plaintiffs filed suit on July 16, 2020, prior to their expert's review and certification.

Accordingly, Plaintiffs do not seek to amend their Complaint to clarify that the expert review occurred prior to the filing of their original Complaint; instead, Plaintiffs seek to amend to add a Rule 9(j) certification relative to an expert review that occurred after the filing of the original Complaint. North Carolina law does not permit this type of post filing certification. See Vaughn v. Mashburn, 371 N.C. 428, 441, 817 S.E.2d 370, 379 (2018)(emphasizing that "in a medical malpractice action the expert review required by Rule 9(j) must occur before the filing of the original complaint" but holding that a plaintiff

5

may amend a defective complaint to make clear that the "expert review required by Rule 9(j) occurred before the filing of the original complaint"); Locklear v. Cummings, 262 N.C.App. 588, 822 S.E.2d 587 (2018)(patient was allowed to amend medical malpractice complaint to allege that review of medical care and records was done prior to the filing of the complaint); Ratledge v. Perdue, 239 N.C.App. 377, 773 S.E.2d 315 (2015)(Because the expert certification rule for medical negligence complaints requires certification at the time of filing that the necessary expert review has occurred, compliance or noncompliance with the rule is determined at the time of filing); McGuire v. Riedle, 190 N.C.App. 785, 661 S.E.2d 754 (2008)(Patient could not amend his initial medical malpractice complaint to include 9(j) certification by a new expert witness and dismissal of complaint was warranted where the medical care had not been reviewed by expert witness prior to the filing of the complaint).

Relatedly, Plaintiffs argue that they "already had medical experts available" at the time they filed their original Complaint, Doc. 23-2 at 7, and that they "received expert medical opinion prior to the filing of their original complaint." Doc. 23-2 at 10. Specifically, Plaintiffs point to the allegation in their original Complaint (and repeated in the proposed Amended Complaint) that Dr. Dina Randazzo "informed Ms. Vickers and Ms. Russe that had the tumor been diagnosed earlier, it could have been removed entirely and Ms.

Vickers' life and mortality risk would not have been impacted by it." Doc. 1 at ¶40; Doc. 17-1 at ¶40; Doc. 23-2 at 10. Plaintiffs assert that "[t]his statement in the original complaint indicates that a medical expert did assess Ms. Vickers medically for diagnostic purposes, and that in the diagnosis of a brain tumor with inherent review of Plaintiff Vickers' available medical record, prior to filing the Plaintiffs' complaint." Doc. 23-2 at 10. However, Plaintiffs have not alleged that Dr. Randazzo opined that the tumor could (or should) have been found earlier; that is, that Ms. Vickers' medical care did not comply with the applicable standard of care, as required by Rule 9(j).

Finally, although Plaintiffs' original Complaint included allegations that the doctrine of *res ipsa loquitur* applied, for the reasons set forth in the Memorandum and Recommendation, Plaintiffs have not alleged facts sufficient to establish the applicability of the doctrine. Plaintiffs' reliance on Wright v. Wakemed, 238 N.C.App. 603, 767 S.E.2d 408 (2014) does not change this result. In Wright, a patient filed a medical malpractice action alleging that medications that she had not been prescribed were included in the materials that accompanied her transfer from a surgical unit to a rehab unit. The trial court dismissed the complaint for failure to include a Rule 9(j) certification and the North Carolina Court of Appeals affirmed, finding that the plaintiff could not rely on *res ipsa loquitur* because, among other things, expert testimony would be needed to establish the cause of the plaintiff's

7

injury. Id. at 609 ("since Plaintiff has not established that she successfully pled a claim against Defendants on the basis of the doctrine of res ipsa loquitur, the trial court correctly dismissed her complaint"). Wright does not stand for the proposition that a claimant may allege *res ipsa loquitur* in her original complaint and thereafter amend to include a Rule 9(j) certification based on a review that was conducted post-filing.

Accordingly, the undersigned will deny the Motion to Amend to add a Rule 9(j) certification as futile.

### B. Amendment Regarding Dr. Hume

#### 1. FTCA Claim Against Dr. Hume

An action under the FTCA lies solely against the United States. See Johnson v. United States, 2012 WL 5879748, 2016 WL 2757609 at *4 (W.D.N.C. March 24, 2016), report and recommendation adopted, 2016 WL 2627043 (W.D.N.C. May 9, 2016), affirmed 670 Fed. Appx. 780 (4th Cir. 2016)(unpubl.)("In actions brought pursuant to the FTCA, the only proper defendant is the United States.")(citing 28 U.S.C. §§ 1346(b) and 2679(a); Metz v. U.S. Postal Service, 836 F.2d 1342, 1988 WL 1076, at *1 (4th Cir. Jan.4, 1988)(unpubl.); Iodice v. United States, 289 F.3d 270, 273 n. 1 (4th Cir.2002); Cole v. Principi, 2004 WL 878259, at *2 (M.D.N.C. April 4, 2004); Baird v. Haith, 724 F.Supp. 367, 377 (D.Md. 1998)).

Here, both Plaintiffs' original Complaint and proposed Amended Complaint allege that Dr. Hume was Ms. Vickers' primary care physician at CGVAMC from approximately July 2012 until Ms. Vickers' death in 2018. Doc. 1, ¶46, Doc. 17-2, ¶46. The United States asserts that if Dr. Hume were added as a defendant, it "anticipates giving notice and moving to substitute itself as the sole party by virtue of the Federal Employees Liability Reform and Tort Compensation Act of 1988…. (commonly known as the 'Westfall Act')…." Doc. 20 at 2. As Dr. Hume is not currently named as a defendant, no certification under the Westfall Act has occurred.

Here, and for the reasons set forth with respect to the United States' Motion to Dismiss, the undersigned has recommended that all of Plaintiffs' claims against the United States be dismissed. Accordingly, allowing Plaintiffs to amend to add claims against Dr. Hume would be futile not only because the proper defendant in an FTCA action is the United States, but also in light of the undersigned's recommendation regarding Plaintiffs' current FTCA claims.

### 2. Bivens Claim Against Dr. Hume

Additionally, to the extent Plaintiffs seek to amend to add a claim against Dr. Hume pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), see Doc. 17-2 at 22, such a claim appears to be futile, because the VA Immunity Statute, 38 U.S.C. §7316(a), provides that the "exclusive" remedy

9

"for damages for personal injury, including death, allegedly arising from malpractice or negligence of a health care employee of the Administration in furnishing health care or treatment while in the exercise of that employee's duties in or for the Administration" is through the FTCA. See Turner v. United States, 327 F.Supp.3d 453, 460-61 (D. Conn. 2018)(Plaintiff could not maintain a Bivens action against VA medical personnel for claims arising within the scope of the VA immunity statute) (collecting cases).

### C. "Ordinary Negligence" Claim Against CGVAMC

Plaintiffs' proposed Amended Complaint includes an "Ordinary Negligence" claim against CGVAMC. Doc. 17-2 at ¶¶ 106-113. However, because this claim arises out of Ms. Vickers' medical care, as explained in the Memorandum and Recommendation, it would appropriately be construed as being part of Plaintiffs' medical malpractice claim. See Littlepaige v. United States, 528 Fed. Appx. 289, 293 (4th Cir. 2013)(unpubl.)(a complaint that alleged the United States (through the actions of the VA Hospital in Durham, North Carolina) failed to provide special care to prevent decedent from falling and failed to diagnose and properly treat decedent while he was in the Hospital's care "clear[ly]…sound[ed] in medical malpractice, not ordinary negligence"); Sharpe v. Miller, 3:15-cv-325-RJC-DCK, 2016 WL 2988984, at *2 (W.D.N.C. May 20, 2016)("Any negligence or wrongful death claim brought against hospitals or hospital providers pertaining to the provision of

10

professional medical services or clinical patient care, therefore, sounds in medical malpractice and is not a claim for ordinary negligence. Consequently, such actions must be certified per Rule 9(j)") (internal citation omitted); Wood v. United States, 209 F.Supp.3d 835, 841 (M.D.N.C. 2016)("Thus, operative facts—not labels—put parties on notice of whether they are facing a claim for medical malpractice or for ordinary negligence").

For the reasons set forth above, and as described in the Memorandum and Recommendation regarding the United States' Motion to Dismiss, Plaintiffs' Motion for Leave to File Amended Complaint, Grant N.C.G.S. 9(j) Extension, and Accept 9(j) Certification Filing (Doc. 17) is **DENIED** and Plaintiffs' Motion to Join Additional Parties Defendant (Doc. 18) is **DENIED**.

It is so ordered.

Signed: May 6, 2021

W. Carleton Metcalf
United States Magistrate Judge