# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00092-MR-WCM

| | |
|---|---|
| KATHERINE MONICA VICKERS, ESTATE OF KATHERINE MONICA VICKERS, and RUPA VICKERS RUSSE, *individually and as Executor of Estate of Katherine Monica Vickers*, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) <br><br> **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Objections to Magistrate's Denial of Motion to Amend Complaint. [Doc. 31].

## I. PROCEDURAL BACKGROUND

On July 16, 2020, the Plaintiffs initiated this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. [Doc. 1]. On December 16, 2020, the Plaintiffs filed two motions: (1) a Motion for Leave to File an Amended Complaint, Grant N.C.G.S. 9(j) Extension, and Accept 9(j) Certification Filing ("Motion to Amend") [Doc. 17] and (2) a Motion

to Join Lara Hume, MD, as a defendant to this action ("Motion to Join") [Doc. 18]. On January 6, 2021, the Defendant moved to dismiss the Plaintiffs' Complaint. [Doc. 21].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss, the Plaintiffs' Motion to Amend, and the Plaintiffs' Motion to Join. On May 6, 2021, the Magistrate Judge issued a Memorandum and Recommendation recommending that the Plaintiffs' Complaint be dismissed.[1] [Doc. 28]. The Magistrate Judge also issued an Order denying the Plaintiffs' Motion to Amend and Motion to Join. [Doc. 27]. The Plaintiffs now object to the Magistrate Judge's Order denying their Motion to Amend. [Doc. 31].

## II. STANDARD OF REVIEW

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when

---

[1] The parties have filed Objections to the Magistrate Judge's Memorandum and Recommendation. [Doc. 29; Doc. 33]. Those Objections and the disposition of the Defendant's Motion to Dismiss are addressed in a separate order.

Case 1:20-cv-00092-MR-WCM   Document 41   Filed 12/06/21   Page 2 of 5

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L.Ed. 746 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006).

## III. DISCUSSION

First, the Plaintiffs object to the Magistrate Judge's denial of their Motion to Amend to add a Rule 9(j) certification, which is required to assert medical negligence claims in North Carolina, and the Magistrate Judge's conclusion that the Plaintiffs cannot rely on the doctrine of res ipsa loquitur to avoid the certification requirement. [Doc. 31 at 5-8, 11-12]. Under Rule 15 of the Federal Rules of Civil Procedure, courts should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizan, 535 F.3d 295, 298 (4th Cir. 2008).

For the reasons articulated in this Court's Order regarding the Defendant's Motion to Dismiss [Doc. 21], the Magistrate Judge's Memorandum and Recommendation [Doc. 28], and the parties' Objections to the Memorandum and Recommendation [Doc. 29; Doc. 33], the

certification requirement in Rule 9(j) is not applicable to this case. See Pledger v. Lynch, 5 F.4th 511, 523-24 (4th Cir. 2021) (holding that West Virginia's certification requirement for medical negligence claims was inapplicable to the plaintiff's FTCA claim in federal court). Therefore, the Plaintiffs' Objections related to the Rule 9(j) certification are overruled as moot.

The Plaintiffs also object to the Magistrate Judge's denial of their Motion to Amend to add a claim for ordinary negligence arising from the conduct of the CGVAMC because "Plaintiffs' claims of ordinary negligence relate to [] recordkeeping duties" rather than medical services. [Doc. 31 at 10]. "Any negligence or wrongful death claim brought against hospitals or hospital providers pertaining to the provision of professional medical services or clinical patient care . . . sounds in medical malpractice and is not a claim for ordinary negligence." Sharp v. Miller, No. 3:15-cv-00325-RJC-DCK, 2016 WL 2988984 at *2 (W.D.N.C. May 23, 2016). The Plaintiffs allege that doctors at the CGVAMC engaged in ordinary negligence by "fail[ing] to read Plaintiff Vickers' prior medical record at any time prior to providing medical care for more than six years." [Doc. 31 at 9]. Reading patient records used to determine diagnoses and develop treatment plans is a part of providing patient care. Accordingly, the Plaintiffs' Objection related to their Motion to

4

Amend to add a claim of ordinary negligence for the conduct of the CGVAMC is overruled.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Objections to Magistrate's Denial of Motion to Amend Complaint [Doc. 31] are **OVERRULED**, and the Magistrate Judge's Order denying the Plaintiffs' Motion to Amend and Motion to Join [Doc. 27] is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: December 6, 2021

Martin Reidinger
Chief United States District Judge