IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00092-MR-WCM

| | |
|---|---|
| RUPA VICKERS RUSSE, *individually*, ESTATE OF KATHERINE MONICA VICKERS, *Rupa Vickers Russe as the Executor of the Estate*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER |

This matter is before the Court on (1) "Plaintiffs' 8(a)(1)(A) Motion to Stay Litigation" (the "Motion to Stay," Doc. 58); and (2) "Plaintiffs Motion to Amend their 8(a)(1)(A) Motion to Stay Litigation Memorandum" (the "Motion to Amend," Doc. 64).

I. Background

On July 16, 2020, Plaintiffs filed a Complaint against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, asserting various claims arising out of the medical treatment and subsequent death of Katherine Monica Vickers ("Ms. Vickers"). Doc. 1. The Complaint described medical care that Ms. Vickers, who was a veteran of the armed services, received at the Washington, D.C. Veterans Administration ("VA")

1

Medical Center ("WDCVAMC"), the Charles George VA Medical Center ("CGVAMC") in Asheville, North Carolina, and the Durham VA Medical Center ("DVAMC"). The Complaint asserted claims of medical and ordinary negligence, wrongful death and survival, breach of contract, intentional and negligent infliction of emotional distress, and gender discrimination. Doc. 1.

On December 6, 2021, the Court dismissed certain claims, including Plaintiffs' claims based on events at the WDCVAMC as well as Plaintiffs' gender discrimination claim. These claims were dismissed without prejudice for lack of subject matter jurisdiction. See Doc. 42 at 13-17; 17-20.

On February 4, 2022, Plaintiffs filed a "Notice of Limited Appeal" (the "Notice," Doc. 53) through which Plaintiffs appealed the dismissal of the claims regarding care at the WDCVAMC and the gender discrimination claim to the United States Court of Appeals for the Fourth Circuit. See also Case No. 22-1143.

On February 16, 2022, the parties jointly filed a Certification of Initial Attorneys Conference and Discovery Plan. Doc. 57. Therein, the parties proposed pretrial deadlines and limitations on discovery, but noted that "Plaintiffs' recent interlocutory appeal may present issues in terms of the progress of the case before this Court . . ." and that Plaintiffs intended to move for a stay pending their appeal. Id. at 3.

On February 21, 2022, Plaintiffs filed the Motion to Stay. Doc. 58.

2

Case 1:20-cv-00092-MR-WCM   Document 67   Filed 03/11/22   Page 2 of 6

On February 23, 2022, the undersigned conducted a hearing on a separate motion, as well as an initial pretrial conference. The Motion to Stay was not heard, and the Government was given an opportunity to make a written response to that Motion.

On February 25, 2022, Defendant filed its response to the Motion to Stay, and Plaintiffs filed the Motion to Amend. Docs. 63 & 64.

Also on February 25, the undersigned entered a Pretrial Order and Case Management Plan. Doc. 65.

On March 10, 2022, the Government filed its response to the Motion to Amend. Doc. 66.

II. Discussion

A. Motion to Amend

Plaintiffs request that the Court consider their additional arguments in favor of the requested stay. Doc. 64. In response, the Government asserts that "nothing in Plaintiffs' proposed amendment bears on its pending motion to stay." Doc. 66. As the undersigned has considered Plaintiffs' filing (Doc. 64-1 through 64-2), the Motion to Amend will be allowed.

B. Motion to Stay

Plaintiffs contend that requiring this action to proceed in this Court while their appeal is pending "will prevent the just adjudication of Plaintiffs claims against the WDCVAMC" and could result in "inefficient discovery and

3

extra cost in cultivation of trial reports from expert witnesses." Doc. 58-1 at 2 & 3. Plaintiffs additionally assert that they have submitted an administrative claim regarding Ms. Vickers' care at the WDCVAMC, and therefore ask this Court to "issue a stay of litigation until 07/13/22, when the Plaintiffs' claims against the WDCVAMC will be ripe for litigation, which will be pertinent if the Fourth Circuit Court of Appeals denies Plaintiffs' pending appeal." Doc. 64-1 at 4.

For its part, the Government agrees that a stay is appropriate, because "the appeal complicates the efficient conduct of the case." Doc. 63 at 1; see also Doc. 66 at 1 ("Defendant continues to consent to the stay Plaintiffs seek….").

Plaintiffs appear to acknowledge that their appeal is interlocutory. See Doc. 58 at 1 (referring to Plaintiffs' "pending Fed.R.App.P 4(a)(1)(B) interlocutory appeal of this Court's final order issued on December 06, 2021…."). They have not, though, argued that this Court lacks jurisdiction over the case or explained the basis by which they contend an appeal of the District Court's Order may be taken at this stage of the proceedings. See e.g., 28 U.S.C. § 1292(b); Suarez Corp. Industries v. McGrw, 125 F.3d 222, 225 (4th Cir. 1997) ("Ordinarily, appellate jurisdiction is lacking to hear an appeal from an order denying a Rule 12(b)(6) motion to dismiss since such an order is interlocutory in nature"). Rather, Plaintiffs appear to argue more generally that a stay of this matter while their appeal is considered would be efficient for case

4

management purposes.

The undersigned, however, is not persuaded that a stay is necessary in these circumstances.

It appears that Plaintiffs intend to pursue discovery regarding Ms. Vickers' care at the WDCVAMC regardless of whether Plaintiffs' appeal is successful and Plaintiffs' claim regarding the WDCVAMC proceeds. See Doc. 58-1 at 2 (stating that "the evidence that will be adjudicated in the claims still pending before this District Court will include those of radiology images taken by the WDCVAMC in 2003").

Additionally, while Plaintiffs' concern that expert witness(es) may be asked to provide additional or revised opinions in the event the appeal is successful is acknowledged, the undersigned is not convinced that this possibility constitutes, as Plaintiffs contend, irreparable harm.

**IT IS THEREFORE ORDERED** that:

1. "Plaintiffs Motion to Amend their 8(a)(1)(A) Motion to Stay Litigation Memorandum" (Doc. 64) is **GRANTED**, and the undersigned has considered Plaintiffs' additional arguments in favor of a stay as set out in Doc. 64-1 through 64-2.

5

Case 1:20-cv-00092-MR-WCM   Document 67   Filed 03/11/22   Page 5 of 6

2. "Plaintiffs' 8(a)(1)(A) Motion to Stay Litigation" (Doc. 58) is **DENIED**.

Signed: March 11, 2022

W. Carleton Metcalf
United States Magistrate Judge