IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00092-MR-WCM

| | |
|---|---|
| RUPA VICKERS RUSSE, *individually*, ) <br> ESTATE OF KATHERINE MONICA ) <br> VICKERS, *Rupa Vickers Russe* ) <br> *as the Executor of the Estate*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

This matter is before the Court on Plaintiffs' Motion to Seal (Doc. 82), Motion in Limine to Designate Edward Yun, MD as Plaintiffs' Affirmative Expert Witness (Doc. 82-1), and associated filings.

## I. Relevant Background

On February 25, 2022, a Pretrial Order and Case Management Plan was entered setting, among other things, a deadline of May 20, 2022 for Plaintiffs to designate their expert witnesses and a deadline of June 20, 2022 for Defendant to designate its expert witnesses (the "Pretrial Order," Doc. 65). The Pretrial Order further stated that each side may call up to five (5) expert witnesses without further leave of court.

On June 16, 2022, Defendant filed a motion requesting that its expert

1

designation deadline be extended by 21 days. Doc. 73. In that filing, Defendant stated that Plaintiffs had designated two (2) experts by their May 20 deadline, though had not included all the information required by Rule 26(a)(2)(B). Plaintiffs responded the following day in a filing that indicated Plaintiffs had designated Dr. Henry S. Friedman and Dr. Ellen Bondar. Doc. 74.

On June 21, 2022, the undersigned granted Defendant's request to extend its expert disclosure deadline but denied the motion to the extent it sought a corresponding extension for Plaintiffs to designate any rebuttal experts. In that regard, the Court noted that the Pretrial Order did not set a specific deadline for rebuttal experts and that Rule 26 contains provisions regarding the disclosure of expert testimony intended solely to contradict or rebut evidence on the same subject matter identified by another party.

## II. Plaintiffs' Filings

On August 12, 2022, Plaintiffs filed their Motion to Seal and a separate Motion to Compel.[1] Through the Motion to Seal, Plaintiffs seek leave to file under seal their Motion in Limine to Designate Edward Yun, MD as Plaintiffs' Affirmative Expert Witness ("Motion in Limine"). A copy of that motion is attached as Doc. 82-1 to the Motion to Seal. A second document with the same name is attached as Doc. 82-2, though it appears to be a brief in support of the

---

[1] The Motion to Compel (Doc. 84) remains pending and is not yet fully briefed.

Motion in Limine and is almost entirely redacted. Other materials have also been attached to the Motion to Seal and include a copy of a report and other information by Dr. Edward J. Yun along with certain medical records. Docs. 82-3, 82-4, 82-5, 82-6. Portions of those materials have been heavily if not almost entirely redacted. Additional material concerning Dr. Yun has been filed as Doc. 83 and is almost entirely redacted.

An unredacted copy of some of Plaintiffs' materials has been submitted to the Court for an *in camera* review and has been served on defense counsel.

Through the Motion in Limine, Plaintiffs seek leave to designate Dr. Yun as an expert for Plaintiffs' case in chief. That is, it appears that Plaintiffs seek the Court's approval of their late designation of Dr. Yun beyond their May 2022 expert designation deadline. Plaintiffs contend that Dr. Yun's designation should be allowed because he has been designated in response to information recently received from Defendants.

Plaintiffs' filings raise multiple issues. The Motion in Limine has been filed as an attachment to the Motion to Seal, not as a separate document. More substantively, the Motion in Limine does not show that counsel have conferred and attempted in good faith to resolve areas of disagreement, as generally required by the Local Rules. LCvR 7.1. Consequently, it is unclear whether Defendant objects to Plaintiffs' designation of Dr. Yun.

In addition, as noted above, Plaintiffs have heavily redacted numerous

documents. The redactions, however, seem to be inconsistent; portions of Dr. Yun's materials are redacted in some filings while the same documents appear to be unredacted in others, compare Doc. 82-3 at 8 with Doc. 83 at 5, and some medical records are redacted while others are not, compare Doc. 82-3 at 9-10 with 82-4. More generally, it is not apparent that all of the redactions are necessary, given that Plaintiffs propose to have Dr. Yun testify as to these matters.

Accordingly, Plaintiffs' Motion to Seal (Doc. 82) and Plaintiffs' Motion in Limine to Designate Edward Yun, MD as Plaintiffs' Affirmative Expert Witness (Doc. 82-1) are **DENIED WITHOUT PREJUDICE**. Unredacted copies of Plaintiff's materials will not be placed on the docket and the redacted materials that Plaintiffs have filed will not be disturbed.

Plaintiffs may refile similar motions, if necessary, only after they have sufficiently conferred with defense counsel to determine whether motions practice on these issues is required. Should they renew their motions, Plaintiffs are also encouraged, in advance of filing, to consult the Local Rules and to confer with the Clerk's office so as to ensure their filings are presented in the correct format.

It is so ordered.

Signed: August 18, 2022

W. Carleton Metcalf
United States Magistrate Judge

5

Case 1:20-cv-00092-MR-WCM Document 87 Filed 08/18/22 Page 5 of 5