IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00092-MR-WCM

| | |
|---|---|
| RUPA VICKERS RUSSE, *individually*, )<br>ESTATE OF KATHERINE MONICA )<br>VICKERS, *Rupa Vickers Russe* )<br>*as the Executor of the Estate*, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Defendant. )<br>_____ ) | ORDER |

This matter is before the Court on Plaintiffs' Motion to Compel Defendant's Response to Plaintiff's First Interrogatories and Request for Production (the "Motion to Compel," Doc. 84). A hearing on the Motion was conducted on August 22, 2022, following which the undersigned issued an oral ruling. This Order memorializes that ruling.

1. **Benefits Information**

With respect to Plaintiffs' requests that seek information and documents related to Ms. Vickers' veteran's benefits, the Motion to Compel is **GRANTED**.

Defendant is directed to produce, on or before September 6, 2022: (1) the Veterans Benefits Administration file related to Ms. Vickers' benefits from 2006 through 2018, to the extent such file can be reasonably obtained; and (2)

1

any additional documents that Defendant intends to use in support of its affirmative defense of setoff. To the extent the Veterans Benefits Administration requires authorizations to be executed by Plaintiffs, Plaintiffs are encouraged to work with defense counsel regarding those authorizations.

## 2. "Communications" and other Records

With respect to Plaintiffs' request for information and documents related to "communications" as described during the hearing, the Motion to Compel is **DENIED**.

To the extent Plaintiffs seek information and documents evidencing Veterans Administration nursing records, Defendant has represented that it has produced all such records in Defendant's possession.

To the extent Plaintiffs seek information and documents from Pruitt Health, it is not sufficiently clear that Defendant has possession, custody, and control of the subject documents which presumably may be obtained from Pruitt Health directly by either side.

To the extent Plaintiffs seek information and documents setting forth statistical information relative to certain of Ms. Vickers' treatment providers, it is not clear that the parties have sufficiently conferred regarding this issue. Further, and more practically, Defendant has represented that it does not have this statistical information. In addition, Plaintiffs remain free to make appropriate inquiries also these lines during the depositions of these witnesses.

### 3. Contact Information

With respect to Plaintiffs' request for contact information, during the hearing, Plaintiffs narrowed this request to five individuals: Dr. Lara Hume; Dr. Angela Steep; Dr. Alan D. Friedman; Anthony Smalls, Social Worker; and Dr. Sarala Rajkumar.

Defendant advised that Dr. Hume, Dr. Steep, and Dr. Rajkumar are currently employed by Veterans Administration, and that they will be made available for deposition in response to a deposition notice. Accordingly, to the extent Plaintiffs seek to compel the production of contact information for these providers in order to arrange their depositions, the Motion is **DENIED**.

However, as Dr. Friedman and Mr. Smalls are former employees of the Veterans Administration, and defense counsel was unable to represent that they would appear for deposition voluntarily, the Motion to Compel is **GRANTED IN PART** and Defendant is directed to provide the last known contact information for Dr. Friedman and Mr. Smalls on or before August 25, 2022. Plaintiffs shall not use this contact information for any purpose other than in this litigation.

The parties are encouraged to work cooperatively to arrange times for the depositions of all of these witnesses.

### 4. Oral Motion to Extend Discovery Deadline

At the conclusion of the hearing, Plaintiffs made an oral motion to extend

the September 13, 2022 deadline to complete court-enforceable discovery. The oral motion is **DENIED WITHOUT PREJUDICE**.

To the extent any party seeks an extension of the September 13 discovery deadline, such a request may be made by written motion which should include specific information regarding all remaining discovery and why an extension is needed, bearing in mind that the parties may engage in voluntary discovery after the discovery deadline as described in the Pretrial Order and Case Management Plan.

It is so ordered.

Signed: August 23, 2022

W. Carleton Metcalf
United States Magistrate Judge

4