IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00092-MR-WCM

| | |
|---|---|
| RUPA VICKERS RUSSE, *individually*, <br> ESTATE OF KATHERINE MONICA <br> VICKERS, *Rupa Vickers Russe* <br> *as the Executor of the Estate*, <br><br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )    **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

This matter is before the Court on Plaintiffs' Motion to Seal (the "Second Motion to Seal," Doc. 91).

I.    **Relevant Background**

On August 12, 2022, Plaintiffs filed a Motion to Seal requesting leave to file under seal a "Motion in Limine to Designate Edward Yun, MD as Plaintiffs' Affirmative Expert Witness" (the "First Motion to Seal," Doc. 82).

The First Motion to Seal was denied without prejudice on August 18, 2022. Doc. 87. Among other things, the Court explained that while Plaintiffs had submitted heavily redacted documents in support of their request to designate Dr. Yun, it was not apparent that all of Plaintiffs' redactions were necessary, given that Plaintiffs proposed to have Dr. Yun testify as to these

1

matters. Doc. 87 at 4.

On September 5, 2022, Plaintiffs filed the Second Motion to Seal, by which they again request leave to file under seal Plaintiffs' "Motion in Limine" and supporting memorandum regarding the designation of Dr. Yun as Plaintiffs' expert witness. Additionally, Plaintiffs request that the Court "allow only redacted versions of those motions and memorandum and exhibits" to be displayed on the public docket, and that the Court "order Defendant's [sic] to file under seal their response memorandum, and any supporting exhibits…." Doc. 91 at 1. Attached to Plaintiffs' Second Motion to Seal is a "Motion in Limine to Designate Edward Yun, MD as a Plaintiffs' Affirmative Expert Witness" (Doc. 91-1), a "Memorandum in Support of Plaintiffs' Motion in Limine to Designate Urologist Edward Yun, MD as Plaintiffs' Affirmative Expert Witness" (Doc. 91-2), and various exhibits related to Dr. Yun and his opinions (Docs. 91-3 – 91-7). Plaintiffs filed the Second Motion to Seal, as well as all of the attachments to that Motion, under seal.

On September 8, 2022, Plaintiffs filed the same "Motion in Limine to Designate Edward Yun, MD as a Plaintiffs' Affirmative Expert Witness" (the "Motion to Designate," Doc. 93), "Memorandum in Support of Plaintiffs' Motion in Limine to Designate Urologist Edward Yun, MD as Plaintiffs' Affirmative Expert Witness" (Doc. 93-1), and various exhibits related to Dr. Yun and his opinions (Docs. 93-2 – 93-6) as a separate, sealed motion. This filing appears

to be identical to the attachments to the Second Motion to Seal.

## II. Applicable Standards

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things,: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR6.1(c).

## III. Discussion

Plaintiffs represent that Defendant opposes Plaintiffs' request to designate Dr. Yun as an expert witness, but do not provide any information regarding Defendant's position on the request to seal. See Doc. 93 at 1; Local Civil Rule 7.1(b).

Additionally, Rule 6.1 requires the Motion to Seal to be "made by formal

3

Case 1:20-cv-00092-MR-WCM Document 95 Filed 09/12/22 Page 3 of 6

motion, *separate from the motion or other pleading sought to be sealed.*" L.Civ.R. 6.1(c) (emphasis added). Here, rather than filing the Motion to Designate as a separate motion, Plaintiffs initially attached the Motion to Designate and supporting documents to the Second Motion to Seal. It appears that Plaintiffs attempted to remedy this technical issue by filing the Motion to Designate again (but now separately) on September 8, 2022.

More substantively, Local Rule 6.1(c) requires a party seeking leave to file a document under seal to set forth particular things in support of that request. Plaintiffs' Second Motion to Seal does not meet these requirements. The scope of Plaintiffs' sealing request and proposed redactions is again problematic. Having reviewed the Motion to Designate and supporting documents, the undersigned is not persuaded that *the entirety* of those filings should be sealed.

Additionally, Plaintiffs' wish to seal the entirety of their Motion to Designate and associated materials seems to be inconsistent with their desire to have Dr. Yun testify as to these matters.

Further, although Plaintiffs request that "only redacted versions" of the Motion to Designate and supporting documents appear on the public docket, they have not filed proposed redacted versions; the only redaction apparent in Plaintiffs' filings is Dr. Yun's contact information in some, but not all, places.

Finally, Plaintiffs have provided no support for their position that it

4

would be appropriate to require Defendant's response to the Motion to Designate to be filed under seal.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiffs' Motion to Seal (Doc. 91) is **DENIED** and the following documents, which are attached to the Second Motion to Seal and which have now been filed separately, are **STRICKEN**:

   a. "Motion in Limine to Designate Edward Yun, MD as a Plaintiffs' Affirmative Expert Witness" (Doc. 91-1),

   b. "Memorandum in Support of Plaintiffs' Motion in Limine to Designate Urologist Edward Yun, MD as Plaintiffs' Affirmative Expert Witness" (Doc. 91-2),

   c. The exhibits related to Dr. Yun and his opinions (Docs. 91-3 – 91-7).

(2) Plaintiffs' Motion to Designate (Doc. 93), Memorandum in Support (Doc. 93-1), and other supporting documents (Docs. 93-2 – 93-6) will remain under seal until **September 16, 2022**. On or before that date, Plaintiffs **SHALL SUBMIT TO THE CLERK** redacted versions of any of these documents that currently contain personal identifying information, with such information being removed from the redacted version pursuant to Rule 5.2 of the Federal Rules of Civil Procedure. Subsequently, the Motion to Substitute, along with any supporting

documents, will be unsealed.

(3) Defendant's deadline to respond to the Motion to Designate is set as **September 22, 2022**. Plaintiffs' request that Defendant be directed to file its response to the Motion to Designate under seal is **DENIED**.

Signed: September 9, 2022

W. Carleton Metcalf
United States Magistrate Judge