IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00092-MR-WCM

| | |
|---|---|
| RUPA VICKERS RUSSE, *individually*, ESTATE OF KATHERINE MONICA VICKERS, *Rupa Vickers Russe as the Executor of the Estate*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER |

This matter is before the Court on Plaintiffs' Motion to Compel Defendant's Response to Plaintiffs' Special Interrogatories of Defendant's Expert Witnesses (the "Motion," Doc. 92).

I. Relevant Background

On February 25, 2022, a Pretrial Order and Case Management Plan was entered setting, among other things, a deadline of September 13, 2022 to complete court-enforceable discovery (the "Pretrial Order," Doc. 65). The Pretrial Order limited each party to the submission of "no more than twenty-five (25) single part interrogatories to any other party."

Plaintiffs state that they "have propounded upon Defendant's Expert Witnesses, Dr. John Spangler, Dr. Julian Bailes, Dr. Gordon Sze, and Dr.

1

Richard Shavelle a total of 11 special interrogatories" (the "Special Interrogatories") which ask each expert witness "three to four questions regarding their review of Ms. Vickers' CGVAMC medical record." Doc. 92 at 1. Plaintiffs further state that Defendant has objected to the Special Interrogatories "on general grounds that the form is improper, and that Plaintiffs have submitted more than the Court ordered allowable 25." Id.

On September 5, 2022, Plaintiffs filed the instant Motion to Compel along with a supporting memorandum. Docs. 92, 92-1. Plaintiffs also attached Defendant's responses to the Special Interrogatories. Doc. 92-2.

Considering the parties' September 13, 2022 deadline to complete court-enforceable discovery, and having reviewed Defendant's responses to the Special Interrogatories as well as Plaintiffs' filings, the undersigned concludes that a ruling on the Motion is appropriate without requiring a formal response from Defendant.

## II. Discussion

Plaintiffs explain that they issued the Special Interrogatories to "verify whether the Defendant's Expert Witnesses actually reviewed specific medical record source material that conflicts with their reports…." Doc. 92-1 at 5. As described by Plaintiffs, the Special Interrogatories set forth specific quotes from certain medical records, which Defendant's experts may locate by conducting a "keyword search" of the digital medical record, and ask the

2

experts if the quotes change their opinions. See Doc. 92-1 at 8, 9. Plaintiffs contend that compelling answers to the Special Interrogatories would make the expert depositions more efficient or eliminate the need for some of the depositions altogether.

Setting aside the question of whether Plaintiffs have exceeded the interrogatory limit set out in the Pretrial Order, the undersigned is not persuaded that compelling Defendant's experts to respond to the "Special Interrogatories" is appropriate.

Although Plaintiffs argue that "Special Interrogatories to opposing party Expert Witnesses is not an uncommon discovery tool," they cite no authorities that approve of that practice specifically. See Doc. 92-1.

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve interrogatories "*on any other party.*" Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, the Special Interrogatories are directed to Defendant's experts.

Further, Rule 26 requires an expert's report to contain "the facts or data considered by the witness" in forming his or her opinions. Fed.R.Civ.P. 26(a)(2)(B)(ii).

Finally, to the extent Plaintiffs wish to challenge the opinions of Defendant's experts, they may do so in the context of depositions. See Fed.R.Civ.P. 30; see also Arugu v. City of Plantation, No. 06-61618-CIV, 2010 WL 11520178, at *3 (S.D. Fla. June 21, 2010) ("it appears that Plaintiff wishes

3

to test the opinions of Mr. Gaut and determine with more particularity the substance of the opinions to which Mr. Gaut will likely testify at trial. Propounding additional interrogatories to the parties in this case (i.e., Defendants) is not appropriate and is inefficient. Defendants have no personal knowledge regarding Mr. Gaut's expert opinions nor the alleged deficiencies in his report. To the contrary, propounding interrogatories to the parties would require them to confer with Mr. Gaut, have Mr. Gaut provide the requested information, and then have Defendants 'transcribe' Mr. Gaut's responses to the interrogatories. For these reasons, the Court agrees with Defendants that it is more appropriate for Plaintiff to conduct a deposition of Defendants' expert to obtain the information sought.").

Accordingly, Plaintiffs' Motion to Compel Defendant's Response to Plaintiffs' Special Interrogatories of Defendant's Expert Witnesses (Doc. 92) is **DENIED**.

It is so ordered.

Signed: September 9, 2022

W. Carleton Metcalf
United States Magistrate Judge