IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00092-MR-WCM

RUPA VICKERS RUSSE, *individually*, )
ESTATE OF KATHERINE MONICA )
VICKERS, *Rupa Vickers Russe* )
*as the Executor of the Estate*, )
                                                  )        ORDER
       Plaintiffs, )
                                                  )
v. )
                                                  )
UNITED STATES OF AMERICA, )
                                                  )
       Defendant. )
_____ )

This matter is before the Court on the following:

1. Plaintiffs' "Motion in Limine to Designate Edward Yun, MD as a Plaintiffs' Affirmative Expert Witness" (the "Motion to Designate Dr. Yun," Doc. 93).

2. Plaintiffs' "Motion to Designate Plaintiff's Rebuttal Expert Witnesses and Grant Plaintiff Russe Designation of One Rebuttal Expert Witness" (the "Motion to Designate Rebuttal Experts," Doc. 98).

3. Plaintiffs' "Motion to Seal Plaintiffs' Exhibits Attached to Plaintiffs' Motion to Designate Rebuttal Expert Witnesses" (the "Third Motion to Seal," Doc. 102).

4. Defendant's Motion to Strike Plaintiffs' Proposed Experts Yun, Ajir,

1

Meulstee and Huggins (the "Motion to Strike," Doc. 112).

## I. Relevant General Background

On July 16, 2020, Plaintiffs initiated this action against the United States ("Defendant") pursuant to the Federal Tort Claims Act ("FTCA"). Doc. 1. Plaintiffs' Complaint asserted claims arising from the death of Plaintiff Russe's mother, Katherine Monica Vickers.

Following resolution of a Motion to Dismiss, Defendant filed an Answer on January 10, 2022, and an initial pretrial conference was conducted on February 23, 2022. During the conference, Plaintiffs stated that they would need information regarding Ms. Vickers' neurological, urological, and radiological treatment. Plaintiffs also represented that they would likely need four expert witnesses.

A Pretrial Order and Case Management Plan (the "Pretrial Order," Doc. 65) was entered on February 25, 2022. The Pretrial Order set a deadline of May 20, 2022 for Plaintiffs to designate their expert witnesses, a deadline of June 20, 2022 for Defendant to designate its expert witnesses, and a deadline of September 13, 2022 for the parties to complete court-enforceable discovery. Id. Additionally, the Pretrial Order provided that each side would be entitled to designate up to five (5) expert witnesses without further leave of Court. Id. at 5.

On June 16, 2022, Defendant requested an extension of its deadline to

designate its experts. Doc. 73. The request was allowed, and Defendant's deadline was extended through and including July 12, 2022. Doc. 75.

## II. Background Regarding the Instant Motions

The instant Motions relate to Plaintiffs' desire to designate additional expert witnesses, and to seal or redact certain documents related to those requests.

On August 12, 2022, Plaintiffs filed a Motion to Seal (the "First Motion to Seal," Doc. 82), by which they requested leave to file under seal an attached "Motion in Limine" to designate Dr. Edward Yun as an affirmative expert witness.

The Court denied the First Motion to Seal without prejudice on August 18, 2022 and, among other things, explained that while Plaintiffs had submitted heavily redacted documents in support of their request to designate Dr. Yun, it was not apparent that all of Plaintiffs' redactions were necessary. Doc. 87 at 4.

On September 5, 2022, Plaintiffs filed another Motion to Seal (the "Second Motion to Seal," Doc. 91), by which they again requested leave to file under seal a "Motion in Limine" and supporting memorandum regarding their designation of Dr. Yun. Attached to the Second Motion to Seal were copies of the "Motion in Limine" and related documents. Docs. 91-1 – 91-7. Plaintiffs filed the Second Motion to Seal itself, as well as all of the attachments, under

3

seal.

On September 8, 2022, Plaintiffs filed, as a separate, sealed motion, the Motion to Designate Dr. Yun, a supporting memorandum (Doc. 93-1), and various exhibits (Docs. 93-2 – 93-6). This filing was identical to the attachments to the Second Motion to Seal.

On September 12, 2022, the undersigned denied the Second Motion to Seal, struck the exhibits attached to the Second Motion to Seal, and instructed Plaintiffs to submit versions of the Motion to Designate Dr. Yun and supporting documents from which certain information had been redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure (the "September 12 Order," Doc. 95).[1]

On September 13, 2022, Plaintiffs filed the Motion to Designate Rebuttal

---

[1] Rule 5.2 provides that:

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

Experts, by which Plaintiffs ask, in the alternative, to be allowed to designate Dr. Yun as a rebuttal witness. Doc. 98. Additionally, Plaintiffs ask to designate Dr. Farr Ajir, Maud Meulstee, and Dr. Hayden Huggins as rebuttal experts.[2]

On September 16, 2022, Plaintiffs filed redacted versions of the Motion to Designate Dr. Yun (Doc. 100) and the Motion to Designate Rebuttal Experts (Doc. 101). To these filings, Plaintiffs attached heavily redacted versions of the opinions of their proposed experts. Docs. 101-2 – 101-3.

On September 17, 2022, Plaintiffs filed the Third Motion to Seal, by which they request that the Court seal certain exhibits related to the Motion to Designate Rebuttal Experts. Doc. 102. The Third Motion to Seal again includes these exhibits in heavily redacted form. Doc. 102-2 – 102-3.[3]

On September 22, 2022, Defendant responded in opposition to the Motion to Designate Dr. Yun and the Motion to Designate Rebuttal Experts. Doc. 104.

On September 28, 2022, Plaintiffs filed a reply in support of the Motion to Designate Dr. Yun and Motion to Designate Rebuttal Experts. Doc. 106. Plaintiffs have also filed, under seal, an exhibit to their reply. Doc. 107.

---

[2] The Motion to Designate Rebuttal Experts was not filed under seal. Also, Plaintiffs did not attach the written reports of their proposed rebuttal experts.

[3] Plaintiffs have also filed heavily redacted versions of the Motion to Designate Rebuttal Experts and the documents they seek to file under seal as a separate filing on the public docket. Doc. 101. Additionally, Plaintiffs have filed the Motion to Designate Rebuttal Experts as a sealed document for the Court's review. Doc. 103.

On October 13, 2022, Defendant filed the Motion to Strike. Doc. 112. Therein, Defendant moves to strike Dr. Yun, Dr. Ajir, Ms. Muelstee, and Dr. Huggins as expert witnesses on the same grounds as stated in Defendant's response in opposition to the expert motions.

### III. Discussion

#### A. Sealing Issues

##### 1. Applicable Standards

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR6.1(c).

### 2. Issues Associated with Plaintiffs' Previous Requests to Seal

In denying the Second Motion to Seal, the undersigned advised Plaintiffs that their "wish to seal the entirety of their Motion to Designate and associated materials seems to be inconsistent with their desire to have Dr. Yun testify as to these matters." Doc. 95 at 4. The September 12 Order required Plaintiffs to submit to the Clerk "redacted versions of any of these documents that currently contain personal identifying information, with such information being removed from the redacted version pursuant to Rule 5.2 of the Federal Rules of Civil Procedure." Id. at 5.

On September 16, 2022, Plaintiffs did file a redacted version of the Motion to Designate Dr. Yun. Doc. 100. That submission, however, redacted information beyond the scope of Rule of 5.2. For example, it appears that Plaintiffs have redacted the *name* of Dr. Yun, information regarding Dr. Yun's specialty and qualifications, web addresses for information cited in their supporting memorandum, Ms. Vickers' name, Dr. Yun's prior trial and deposition testimony, and large portions of Dr. Yun's curriculum vitae.

Because Plaintiffs' September 16 redactions to the Motion to Designate Dr. Yun do not comply with the September 12 Order, that filing (Doc. 100) will be stricken.

7

Additionally, the following submissions related to the Motion to Designate Dr. Yun (Doc. 93) will be stricken as they improperly contain information that is to be redacted pursuant to Rule 5.2: (1) Doc. 93-2 at 9-10; and (2) Doc. 93-4.

Finally, pursuant to the September 12 Order, the Motion to Designate Dr. Yun (Doc. 93) and associated materials will be unsealed.

### 3. The Third Motion to Seal

By the Third Motion to Seal, Plaintiffs request leave to seal documents related to the Motion to Designate Rebuttal Experts. Specifically, Plaintiffs wish to seal the "rebuttal expert witness report[s]" of Dr. Ajir, Ms. Meulstee, Dr. Huggins, and Dr. Yun; Defendant's "26(e) Report[s]" of Dr. Robert Shavelle, Dr. Gordon Sze, and Dr. Julian Bailes; and "Plaintiffs' Exhibit 40" which Plaintiffs describe as an "[e]mail agreement between Defendant's Counsel and Plaintiff Estate's Counsel." Doc. 102 at 1.

For the same reasons discussed above, the undersigned finds that sealing these documents completely, and/or filing them on the public docket with the redactions made by Plaintiffs, is improper.

Accordingly, the undersigned will deny the Third Motion to Seal (Doc. 102), and order that the documents associated with Plaintiffs' Motion to Designate Rebuttal Experts (Doc. 103) be unsealed.

Likewise, the undersigned will direct the Clerk to strike Doc. 103-1 at 54-55, as those pages contain information that is not to be filed pursuant to Rule 5.2.

### 4. Plaintiffs' Reply

As noted, Plaintiffs have also filed, under seal, an exhibit referenced in their reply in support of the Motion to Designate Dr. Yun and Motion to Designate Rebuttal Experts. Doc. 107. As Plaintiffs have not sought leave to file this document under seal, it will be stricken.

### 5. Future Filings

Generally, courts have been hesitant to seal or redact information that will "play a role in the adjudicative process or adjudicate substantive rights." In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013); see Alston v. Jones, No. 1:19-CV-96, 2022 WL 1656636, at *2-4 (M.D.N.C. May 24, 2022) (denying plaintiff's request to seal specific medical records that were "at the heart" of plaintiff's medical negligence claim "and to the public's understanding of the basis for the Court's summary judgment decision" while sealing other medical records due to the large amount of private medical information contained in the exhibits that was not relevant to the dispute at hand, while also reminding the parties that plaintiff's "health records will likely be public if they are offered into evidence at trial"); Grady v. McRae, No. 5:17-CT-03268-M, 2020 WL 6111990, at *1 (E.D.N.C. July

9

23, 2020) ("because plaintiff's medical treatment is at issue in the instant suit, the court DENIES defendants' motion to seal plaintiff's relevant medical records"); see also Murrill v. Merritt, No. DKC-2255, 2022 WL 4080308, at *18 (D. Md. Sept. 6, 2022) ("Mr. Murrill's request to seal medical expert reports that rely on his underlying medical records will be denied. Unlike the underlying records, the reports contain little if any extraneous information about Mr. Murrill's health and care").

Here, Plaintiffs' claims directly involve and place at issue Ms. Vickers' treatment, medical conditions, and cause of death.

Consequently, the undersigned has closely considered unsealing all of Plaintiffs' filings. However, as some of the information contained in these documents is protected from public disclosure pursuant to Rule 5.2, the undersigned concludes that the better course is to strike particular portions of Plaintiffs' submissions, as described above.

Finally, as their recent filings have been duplicative, inconsistent, and in some cases, non-compliant with this Court's prior orders and have therefore placed a burden on the Court, as well as on the Clerk's office, Plaintiffs are admonished that they should not make any further sealing requests without closely considering the standards described above. Additionally, Plaintiffs

10

should ensure that all of their filings are compliant with the Pretrial Order, the local rules of this district, and the Federal Rules of Civil Procedure.[4]

### B. Designation of Experts

#### 1. Applicable Standards

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard focuses on the timeliness of the submission, the reasons for its tardiness, and the danger of prejudice to the non-moving party. Hawkins v. Leggett, 955 F. Supp. 2d 474, 498 (D. Md. 2013), aff'd sub nom., In re Canarte, 558 F. App'x 327 (4th Cir. 2014).[5]

---

[4] The Pretrial Order requires that briefs be double spaced and in at least fourteen (14) point type. Doc. 65 at 6-7. Plaintiffs in particular are reminded of this requirement, as it appears that their recent submissions are in a much smaller type.

[5] Plaintiffs argue that their proposed expert designations should be allowed pursuant to case law citing Rule 37 of the Federal Rules of Civil Procedure, and state that they are requesting that their proposed experts be permitted to testify. See e.g., Doc. 98-1 at 4. Rule 37 provides that if a party fails to identify a witness as required by Rule 26(a), "the party is not allowed to use that…witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." See also Southern States Rack and Fixture, Inc. v. Sherwin-Williams Company, 318 F.3d 592, 596 (4th Cir. 2003). Here, the undersigned has considered whether good cause exists to modify the Pretrial Order and whether to allow Plaintiffs to *designate* their additional experts. The undersigned makes no ruling with respect to whether any expert designated by either party will be allowed to *testify* at trial, as that issue is within the purview of the presiding district judge. See also Martin v. West Virginia University Hospitals, Inc., No. 1:05CV64, 2006 WL 8442620, at *1, n. 4 (N.D. W. Va. May 11, 2006) (granting leave to designate an additional expert witness based on lack of prejudice, but "stress[ing]" that the ruling

11

## 2. Plaintiffs' Expert Designations

Here, the Pretrial Order limited each side to calling five expert witnesses without further leave of Court and set May 20, 2022 as Plaintiffs' deadline to make the expert disclosures required by Rule 26(a)(2). Doc. 65. Plaintiffs state that they disclosed two expert witnesses before the May 20 deadline: (1) Dr. Henry S. Friedman, a neuro-oncologist; and (2) Dr. Ellen Bondar, a primary care physician. See Doc. 98-1 at 6. Plaintiffs further explain that on July 12, 2022, Defendant designated the following experts: (1) Dr. Gordon Sze, MD, a neuro-radiologist; (2) Robert Shavelle, Ph.D., a "Life Expectancy witness"; (3) Dr. John Spangler, MD, a family physician; and (4), Dr. Julian Bailes, Jr. MD, a neurosurgeon. Doc. 98-1 at 7.

By the instant Motions, Plaintiffs seek leave to designate four additional experts – Dr. Yun (a urologist) as an "affirmative" expert or, in the alternative, as a rebuttal expert witness, and Dr. Ajir (a neurosurgeon), Maud Meulstee (a nurse practitioner), and Dr. Huggins (a "scientific research expert") as rebuttal experts.

---

did not "necessarily indicate that Dr. Miller or a rebuttal expert will be permitted to testify at trial. This Court must still weigh the relevance and the appropriateness of the expert testimony as required by the Federal Rules of Evidence. Moreover, the parties would still have the ability to challenge experts and/or request a <u>Daubert</u> hearing").

### 3. Discussion

Defendant argues that Plaintiffs' proposed designations are untimely and that the designation of six expert witnesses violates the Pretrial Order's per side limit. Doc. 104. Defendant also contends that Plaintiffs' additional proposed experts should not be considered "rebuttal" experts at all and are instead "a new slate" of experts that represent Plaintiffs' attempt to "redo" their previous expert disclosures. Id. Finally, Defendant argues that allowing Plaintiffs' late designations would be prejudicial. Id.

The undersigned is not persuaded that Plaintiffs' Motions to Designate should be denied on the basis that the Pretrial Order allowed only five experts per side instead of six.

The timing of Plaintiffs' proposed designations presents a closer call. Here, it appears that the testimony of the experts Plaintiffs now seek to designate will pertain in large part to Plaintiffs' case-in-chief. To the extent these experts are considered Plaintiffs' "principal" experts, they should have been disclosed by the May 20, 2022 deadline. Doc. 65.[6] Plaintiffs, however, filed their first motion related to the designation of Dr. Yun on August 12, 2022 and

---

[6] To the extent these proposed experts are considered to be "rebuttal" experts, it appears that Plaintiffs disclosed their opinions within thirty days of Defendant's expert disclosures. See F.R.C.P. 26(a)(2)(D) (directing that absent a stipulation or court order, a party is to disclose expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure").

13

raised the issue of additional expert witnesses on September 13, 2022 (the deadline to complete court-enforceable discovery). See Docs. 82, 98. The undersigned is not persuaded, considering the nature of Plaintiffs' allegations, that the need for Plaintiffs' proposed experts could not have been determined sooner, and therefore has closely considered whether to deny Plaintiffs' requests on this basis.

However, Plaintiffs' proposed designations were made known to Defendants prior to the expiration of the court-enforceable discovery deadline (if only barely), and Plaintiffs represent that "all parties" have agreed to depose expert witnesses "out of time." See Doc. 93 at 2; see also Pretrial Order, Doc. 65 (allowing for certain voluntary discovery).

Further, although Defendant contends that it was prejudiced by the designation of Dr. Yun because it had to "scramble" to retain an expert who could respond to Dr. Yun's opinions, Defendant apparently has retained such an expert.

With respect to Dr. Ajir, Ms. Meulstee, and Dr. Huggins, Defendant contends that it was prejudiced because it "charted the course" of its own case in light of the two experts Plaintiffs initially disclosed. Defendant also argues that the issues about which these proposed experts intend to opine have been present since the inception of this case. Importantly, however, Defendant has not argued that, if Plaintiffs are allowed to designate their additional

witnesses, Defendant will also need to designate even more experts. Rather, Defendant states that to the extent such experts are allowed, Defendant should be granted an additional opportunity to depose them. See Doc. 112 at 3.

Finally, it appears that Plaintiffs' requests to designate additional experts can be granted without affecting the progress of this case. Specifically, the deadline to file dispositive motions expired on October 13, 2022, and Defendant filed a motion for summary judgment on that date. Doc. 110. Plaintiffs have not argued that information from their proposed experts is necessary to respond to Defendant's summary judgment motion, nor has Defendant indicated that Plaintiffs' proposed experts, if designated, would impact that motion. Further, it does not appear that allowing the proposed designations would affect the current trial setting of March, 2023.

Therefore, although the undersigned is not persuaded that Plaintiffs were as diligent as they could have been in seeking to designate their additional experts, Defendant has been able to respond to Dr. Yun's expected testimony, and any prejudice arising from Plaintiffs' other proposed designations can be remedied.

Accordingly, under the circumstances presented here, the undersigned finds that the most appropriate course is: 1) to allow Plaintiffs to designate Dr. Yun, Dr, Ajir, Ms. Meulstee, and Dr. Huggins, 2) to allow Defendant to designate its own expert in response to Dr. Yun, and 3) to extend the discovery

deadline for the limited purpose of allowing the parties to depose the newly designated experts.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiffs' "Motion in Limine to Designate Edward Yun, MD as a Plaintiffs' Affirmative Expert Witness" (Doc. 93) and Plaintiffs' "Motion to Designate Plaintiff's Rebuttal Expert Witnesses and Grant Plaintiff Russe Designation of One Rebuttal Expert Witness" (Doc. 98) are **GRANTED IN PART**, as follows:

   a. Plaintiffs are granted leave to designate Dr. Yun, Dr. Ajir, Ms. Meulstee, and Dr. Huggins as expert witnesses.

   b. To the extent Defendant has not already done so, Defendant is granted leave to designate an expert in response to Dr. Yun.

   c. The parties **SHALL PROVIDE** complete expert disclosures for the newly designated experts as required by Rule 26(a)(2) on or before October 27, 2022.

   d. The deadline to complete court-enforceable discovery is **EXTENDED** through and including November 11, 2022 for the limited purpose of allowing the parties to depose Dr. Yun, Dr. Ajir, Ms. Meulstee, Dr. Huggins, and Defendant's urology expert.

   e. All other provisions of the Pretrial Order (Doc. 65), including

the March 13, 2023 trial setting, remain in effect.

(1) Defendant's Motion to Strike Plaintiffs' Proposed Experts Yun, Ajir, Meulstee and Huggins (Doc. 112) is **DENIED AS MOOT**.

(2) Plaintiffs' "Motion to Seal Plaintiffs' Exhibits Attached to Plaintiffs' Motion to Designate Rebuttal Expert Witnesses" (Doc. 102) is **DENIED.**

(3) The Clerk is **RESPECTFULLY DIRECTED** to:

   a. **STRIKE** the following documents:
      i. Doc. 93-2 at 9-10.
      ii. Doc. 93-4.
      iii. Docs. 100 – 100-5.
      iv. Doc. 103-1 at 54-55.
      v. Doc. 107.

b. **UNSEAL** the following documents:

  i. The Motion to Designate Dr. Yun (Doc. 93), the supporting memorandum (Doc. 93-1), and the various exhibits attached to the Motion (Docs. 93-2 – 93-6).

  ii. The documents associated with Plaintiffs' Motion to Designate Rebuttal Experts (Doc. 103 – 103-3).

Signed: October 20, 2022

W. Carleton Metcalf
United States Magistrate Judge